UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ZABIHULLAH RAHIMI,

Petitioner,

v.

MINGA WOFFORD, et. al.,

Respondents.

No. 1:26-cv-00520-DC-DMC (HC)

ORDER ADOPTING FINDINGS AND RECOMMENDATIONS

(ECF No. 8)

Petitioner, an immigration detainee proceeding with retained counsel, brings this petition for a writ of habeas corpus under 28 U.S.C. § 2241. The matter was referred to a United States Magistrate Judge pursuant to Eastern District of California local rules.

On February 5, 2026, the Magistrate Judge filed findings and recommendations herein which were served on the parties and contained notice that the parties may file objections within the time specified therein. ECF No. 8. Respondents filed objections to the findings and recommendations. ECF No. 9. In their objections, Respondents merely state that they object "[f]or the same reasons advanced in Respondents' earlier filing." *Id.* However, those arguments were addressed and rejected by the magistrate judge in this case and the undersigned in other cases. Specifically, the undersigned has found that the Due Process Clause requires that, in order for the government to re-detain a noncitizen who has been previously released on bond or conditional parole under 8 U.S.C. § 1226(a), or humanitarian parole under 8 U.S.C. § 1182(d)(5),

1

the government must provide a pre-deprivation bond hearing before a neutral arbiter at which the noncitizen's eligibility for bond must be considered. *See Selis Tinoco v. Noem*, 1:25-cv-01762-DC-JDP, 2025 WL 3567862 (E.D. Cal. Dec. 14, 2025) (granting motion for temporary restraining order and immediate release of the petitioner based on his likelihood of success on the merits of his due process claim); *Labrador-Prato v. Noem*, 1:25-cv-01598-DC-SCR, 2025 WL 3458802 (E.D. Cal. Dec. 2, 2025) (same); *D.L.C. v. Wofford*, 1:25-cv-01996-DC-JDP, 2026 WL 25511 (E.D. Cal. Jan. 5, 2026) (same); *Altin v. Chestnut*, No. 1:26-cv-00792-DC-CSK, Doc. No. 8 (E.D. Cal. Feb. 5, 2026) (granting motion for temporary restraining order and habeas petition as to the petitioner's due process claim). Thus, Respondents' objections do not provide a basis upon which to reject the findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this Court has conducted a <u>de novo</u> review of this case.  Having carefully reviewed the entire file, the Court finds the findings and recommendations to be supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED as follows:

1. The findings and recommendations filed on February 5, 2026, ECF No. 8, are ADOPTED;

2. Petitioner's petition for writ of habeas corpus, ECF No. 1, is GRANTED;

3. Petitioner Zabihullah Rahimi[1] is to be RELEASED IMMEDIATELY from Respondents' custody under the same conditions he was released previously.  At the time of release, Respondents must return all of Petitioner's documents and possessions;

4. Respondents are enjoined and restrained from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, including seven-days' notice and a pre-deprivation hearing before a neutral fact-finder where Respondents show: (a) there are material changed circumstances which

---

[1] The Magistrate Judge in the findings and recommendations, ECF No. 8, mistakenly stated Petitioner's name was Sarfaraz Mohammed.  Petitioner's name has been corrected here.

demonstrate that there is a significant likelihood of Petitioner's removal in the reasonably foreseeable future, or (b) Respondents demonstrate by clear and convincing evidence that Petitioner poses a danger to the community or a flight risk. At any such hearing, Petitioner shall be allowed to have counsel present;

5. This order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal and Petitioner receives notice of that final order of removal; and

6. The Clerk of the Court is directed to enter judgment in favor of Petitioner and close the case.

IT IS SO ORDERED.

Dated:   **March 17, 2026**

Dena Coggins
United States District Judge

3